# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY LAMONT DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 10-761 (RJL) |
| ) | |
| JAMES N. CROSS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is currently before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus. Because Petitioner filed his petition several years after the expiration of the one-year limitations period, Respondent's motion will be granted.

**I.     Background.**

Petitioner is currently incarcerated at United States Penitentiary Hazelton, where he is serving multiple sentences imposed by the Superior Court of the District of Columbia for first-degree murder while armed, possession of a firearm during a crime of violence or dangerous offense, and carrying a pistol without a license. *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Register Number 32037-037); U.S.' Mot. to Dismiss Pet'r's Pet. for a Writ of Habeas Corpus and Addendum, at 1-2 [#6] [hereinafter Mot.]. This petition is Petitioner's fifth collateral attack of his conviction but his first in federal court. *See* Mot. at 6-11 (discussing Petitioner's previous and unsuccessful collateral attacks waged in the courts of the District of Columbia).

Respondent has moved to dismiss the petition, arguing that the petition is untimely and that the collateral-attack remedy provided by the District of Columbia Code for use in D.C.

courts is adequate and effective such that federal habeas relief is unnecessary. *Id.* at 12-19.[1]

Respondent has waived any defenses based on the Court's lack of personal jurisdiction.[2]

## II. Standard of Review.

Rule 12(b)(6) provides that a district court shall dismiss a complaint—in this case, taking the form of a petition—for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although all factual allegations in a complaint are assumed to be true when deciding a Rule 12(b)(6) motion, and all reasonable inferences are drawn in a plaintiff's favor, the Court need not accept either inferences "unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). To survive a motion to

---

[1] Although Respondent does not specify the rule under which he makes his motion, *see* Mot., the Court presumes that Respondent moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see, e.g., Bridges v. Cooper*, No. 5:1O-HC-2060-D, 2011 WL 721916 (E.D.N.C. Feb. 22, 2011) (considering a motion to dismiss a habeas petition under Rule 12(b)(6) where the petition was allegedly untimely); *Coleman v. Braxton*, No. 92-cv-1297, 1992 WL 172568 (D.D.C. July 2, 1992) (considering a motion to dismiss a habeas petition under Rule 12(b)(6) where the local remedy was allegedly adequate and effective).

[2] "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Respondent—Plaintiff's custodian—is within the territorial jurisdiction of the United States District Court for the Northern District of West Virginia. *See USP Hazelton*, Fed. Bureau of Prisons, http://www.bop.gov/locations/institutions/haz/index.jsp (last visited Mar. 11, 2011). However, by failing to challenge the Court's lack of personal jurisdiction, Respondent has waived any defense based on the lack of such jurisdiction. *Buesgens v. Brown*, 567 F. Supp. 2d 26, 36 n.10 (D.D.C. 2008) (citing Fed. R. Civ. P. 12(h)(1) ("[A] defendant can always waive his personal jurisdiction defenses . . . by failing to raise the personal jurisdiction challenge in a responsive motion filed under Rule 12 . . . .")).

dismiss, a complaint must contain sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.  Analysis.

The state-court judgment, at issue in this case, became final on June 16, 2003. Petitioner filed the instant petition on May 12, 2010. The one-year limitations period applicable to the instant petition began to run on June 16, 2003. The running of that limitations period was not statutorily tolled because Petitioner did not commence any state-court collateral attacks in the year after June 16, 2003. Assuming *arguendo* that the limitations period was equitably tolled until January 1, 2006 due to alleged document withholdings by Petitioner's former attorney, the limitations period expired on January 2, 2007. As the petition is, therefore, untimely, Petitioner fails to state a habeas claim upon which relief may be granted.

> **A.  The Time by Which a Habeas Petition Must Be Filed Depends on the Date on Which a State Conviction Becomes Final, Whether State Remedies Have Been Exhausted, and Tolling of the One-Year Limitations Period.**

Because Petitioner is in custody pursuant to a judgment of a state court, he makes his petition under 28 U.S.C. § 2254. *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court."). Before bringing a federal habeas petition, a petitioner must first

"exhaust[] the remedies available in the courts of the State." § 2254(b)(1)(A).[3] Alongside this exhaustion requirement is a one-year statute of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244. However, the running of this limitations period is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "Section 2244(d)(1)'s limitation period and § 2244(d)(2)'s tolling provision, together with § 2254(b)'s exhaustion requirement, encourage litigants first to exhaust all state remedies and *then* to file their federal habeas petitions as soon as possible." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Finally, the running of this limitations period may also be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

---

[3] Alternatively, a petitioner must show that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect the rights of the" petitioner. § 2254(b)(1)(B). Here, however, Petitioner attempts no such showing. *See* Pet. for a Writ of Habeas Corpus, ECF No. 1 [hereinafter Pet.]; Reply Pet. for a Writ of Habeas Corpus, ECF No. 9 [hereinafter Opp'n].

B.  **The Limitations Period Began to Run on June 16, 2003.**

The Superior Court of the District of Columbia convicted and sentenced Petitioner on April 2, 1996. Mot. at 2. The Court of Appeals of the District of Columbia affirmed on March 18, 2003. *Id.*[4] Petitioner thereafter had 90 days in which to file a petition for a writ of certiorari to the Supreme Court of the United States. S. Ct. R. 13.1. Petitioner did not file such a petition. *See* Mot. at 1–3, 13. If a litigant does not file a petition for a writ of certiorari to the Supreme Court of the United States, his state-court judgment becomes final "when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Petitioner's state-court judgment thus became final on June 16, 2003.[5]

Petitioner does not assert that any of the provisions of § 2244(d)(1)(B)–(D) apply in this case, nor does it appear to the Court that Petitioner could successfully make any such assertion. Mot. at 14; *see* Pet.; Opp'n. In accordance with § 2244(d)(1)(A), the one-year statute of limitations therefore began to run on June 16, 2003.

C.  **The Running of the Limitations Period Was Not Statutorily Tolled, Notwithstanding Petitioner's State-Court Collateral Attacks.**

The running of the one-year statute of limitations is statutorily tolled during the pendency of any state-court collateral attack. § 2244(d)(2). That does not mean that the limitations period does not *begin* to run until after any such attack has been adjudicated. Instead, it only means that the limitations period, which immediately begins to run when a state-court judgment is final, may be paused when, and if, such an attack is commenced. In this case, the most recent state-court collateral attack commenced after Petitioner's judgment had become final was commenced

---

[4] Respondent later incorrectly asserts that the affirmance occurred on May 18, not March 18. Mot. at 13. March 18 is the proper date. *See* Mot. Ex. B, ECF No. 6-2.

[5] Respondent asserts in his motion that Petitioner's judgment became final on June 18, not June 16. Mot. at 13. Respondent thus incorrectly adds three months, not merely 90 days, to March 18, 2003. *See* S. Ct. R. 30.1.

5

on March 22, 2007. Mot. at 10. Well over one year had thus intervened between the date on which Petitioner's judgment became final and the date on which Petitioner thereafter commenced his state-court collateral attack. The one-year limitations period applicable to the instant petition thus expired on June 16, 2004—long before Petitioner's 2007 state-court collateral attack could do anything to toll it.

Petitioner argues that because he is required to exhaust available state-court remedies, the statute of limitations did not begin to run until sometime in 2009, when he lost his appeal of yet another state-court collateral attack commenced earlier in 2009. Opp'n at 2.[6] Petitioner thus misunderstands the effect of the exhaustion requirement. Yes, a petitioner must exhaust state-court remedies before filing a petition in federal court, and yes, the running of the limitations period is tolled during the pendency of any state-court proceedings relating to those remedies, but only if such proceedings are begun within the year after the state-court judgment becomes final. *See* § 2244(d)(1)(A); § 2244(d)(2); § 2254(b)(1)(A). Because Petitioner waited longer than one year after his state-court judgment had become final to commence his state-court collateral attacks, his attempt to exhaust his state-court remedies through those attacks had no effect on the running on the one-year statute of limitations.

### D. Assuming *Arguendo* That the Running of the Limitations Period Was Equitably Tolled, the Petition is Still Untimely.

Petitioner notes that he "had a set-back with my [a]ppeal [a]ttorney" from "June 18, 2003 to 2005," when the attorney allegedly "refus[ed] to turn over my [l]egal material[,] which denied me the opportunity to proceed with my [l]egal actions." Opp'n at 3. The Court construes this as an argument in favor of equitable tolling of the running of the limitations period. *See Holland*,

---

[6] Petitioner mentions "a judgment on 12-21-2009," Opp'n at 2, but it is unclear to what judgment he refers. The most recent adjudication of any of Petitioner's state-court collateral attacks occurred on August 17, 2009, when the Court of Appeals of the District of Columbia affirmed the denial of his collateral attack commenced on January 7, 2009. Mot. at 11.

6

130 S. Ct. at 2564 (remanding for consideration of whether an attorney's abandonment of his client justified equitable tolling of the § 2244(d)(1) limitations period). But even assuming for the sake of argument that the running of the limitations period should be equitably tolled until January 1, 2006—after the troubles with the attorney ended in 2005—the instant petition would still be untimely. In such a scenario, Petitioner would have had to have filed the instant petition by January 2, 2007. *See* Fed. R. Civ. P. 6(a)(1). Instead, he filed the petition on May 12, 2010. *See* Pet.

### E. The Petition Will Be Dismissed.

The petition will be dismissed as untimely because, even assuming that the limitations period should be equitably tolled, Petitioner filed the petition over three years after the limitations period expired. Because the Court will dismiss the petition as untimely, the Court does not address Respondent's further arguments in favor of dismissal.

## IV. Conclusion.

For the reasons set forth above, Respondent's motion to dismiss will be granted. A separate order consistent with this memorandum opinion shall issue this date.

DATE:

3/27/11

RICHARD J. LEON
United States District Judge