UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY LAMONT DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Case No. 10-761 (RJL) |
| | ) | |
| JAMES N. CROSS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is currently before the Court on petitioner's motion to reconsider the dismissal of his habeas petition as untimely. Because the new information provided by petitioner does not affect the timeliness of his petition, this motion will be denied.

**I.     Background.**

Petitioner is currently incarcerated at United States Penitentiary Hazelton, where he is serving multiple sentences imposed by the Superior Court of the District of Columbia for first-degree murder while armed, possession of a firearm during a crime of violence or dangerous offense, and carrying a pistol without a license. *Inmate Locator*, Fed. Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp (search for Register Number 32037-037); U.S.' Mot. to Dismiss Pet'r's Pet. for a Writ of Habeas Corpus, at 1–2, ECF No. 6. Petitioner filed a habeas petition on May 12, 2010. Pet. for a Writ of Habeas Corpus, ECF No. 1 [hereinafter Pet.]. But, on March 27, 2011 this Court

dismissed that petition because it was untimely. *Davis v. Cross*, 774 F. Supp. 2d 62 (D.D.C. 2011), ECF Nos. 10, 11.

Petitioner now moves for reconsideration, arguing that the Court failed to consider other state post-conviction and collateral proceedings that tolled the running of the statute of limitations. Pet. for a Writ of Habeas Corpus by a Being in Custody at 2, ECF No. 13 [hereinafter Pet'r's Mot.]. In support, petitioner has provided a list of dates and docket sheets, purporting to show several post-conviction and other collateral proceedings not considered by this Court. Dates, Ex. A at 7-15 [hereinafter "Ex. A", ECF No. 14. Respondent opposes this motion. Resp't's Resp. to Pet'r's Mot. for Relief from J. at 1, ECF No. 16 [hereinafter Resp't's Opp'n].

**II. Analysis.**

**A. Petitioner Filed a Rule 59(e) Motion.**

Although petitioner does not identify the Federal Rule of Civil Procedure under which he moves for reconsideration, *see* Pet'r's Mot., his filing will be construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).[1] Rule 59(e) provides for motions to alter or amend final judgments and mandates that such motions "must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e). "If a person files a motion for reconsideration within twenty-eight days of the judgment or order of which he complains, courts consider it a Rule 59(e) motion; otherwise, they

---

[1] Petitioner titles his filing as a "Petition for a Writ of Habeas Corpus," but the filing's content indicates that petitioner seeks reconsideration of this Court's dismissal of his original petition. *See* Pet'r's Mot. at 1 (requesting that the Court "construe my content in its proper manner" and noting that he is "seeking reconsideration of judgment in this Case").

2

treat it as a Rule 60(b) motion." *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 12 (D.D.C. 2010). The Court entered its judgment in this case on March 27, 2011. *See Davis*, 774 F. Supp. 2d at 66. Under the prisoner mailbox rule, the operative filing date is that on which petitioner placed his motion in the prison mail system to be sent to the Court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988). Petitioner sent his motion to the Court sometime between April 4, 2011—the date on which the motion was notarized, *see* Pet'r's Mot. at 3—and April 15, 2011—the date on which the motion as received by the Court, *see id.* at 1. Because petitioner filed the instant motion within the 28-day period, this Court will consider the motion under Rule 59(e).

A court's review of a "[a] Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted).

B.   **This Motion Will Be Denied.**

Petitioner now claims that this Court's previous dismissal of his habeas petition was incorrect because certain post-conviction proceedings should have tolled the running of the limitations period. Even upon consideration of those proceedings, however, the petition is still untimely; and, therefore, petitioner's motion must be dismissed.

In its March ruling, the Court began with the following premises: (1) A one-year limitations period applies under 28 U.S.C. § 2244(d)(1) to habeas petitions and (2) this limitations period begins to run once a conviction becomes final, but may be tolled under

3

§ 2244(d)(2) during the pendency of any state-court post-conviction or other collateral proceedings and may also be equitably tolled. *Davis*, 774 F. Supp. 2d at 64. The Court then found the following: (1) petitioner's convictions became final on June 16, 2003; (2) the one-year limitations period was not statutorily tolled, because no state-court post-conviction or other collateral proceedings were pending during the year after conviction, i.e., the deadline for filing a valid petition was June 16, 2004; and (3) even if the one-year limitations period was equitably tolled due to alleged attorney abandonment, such tolling ended on January 1, 2006, i.e., the deadline for filing a valid petition was January 2, 2007. *Id.* at 65-66. This Court therefore concluded that the petition was not timely filed and dismissed this case. *Id.* at 66.

Petitioner now argues that the Court failed to consider the pendency of some post-conviction or other collateral proceedings. *See* Pet'r's Mot. at 2 (contending that "some [d]ates are missing in the Court[']s Memorandum" Opinion). Petitioner points out that because these proceedings "are all with-in a year of each other," his petition should not be considered untimely. Ex. A at 7. Respondent counters that because "petitioner's conviction became final *before* petitioner filed the post-conviction motions" in the proceedings he references on his list of dates, those proceedings "are irrelevant to petitioner's claim that his habeas petition is not time barred." Resp't's Opp'n at 1. Neither party is correct. Petitioner fails to recognize that the threshold issue is whether the time *between* all such post-conviction proceedings is less than one year. *See* § 2244(d). And, of course, petitioner's post-conviction and other collateral proceedings took place after his conviction became final. Again, the threshold issue is whether more

4

than one year passed between the final conviction date and the habeas petition filing date, excluding any time during which state post-conviction or other collateral proceedings were pending. *See id.* However, even considering petitioner's new proceedings, this case is still not timely.

This Court previously concluded that the one-year limitations period was not statutorily tolled because the first collateral attack was commenced on March 22, 2007, more than one year after petitioner's convictions became final on June 16, 2003. *Davis*, 774 F. Supp. 2d at 65-66. Petitioner now points out, however, that he commenced an earlier state post-conviction proceeding on May 17, 2005 by filing a motion to recall the mandate of the District of Columbia Court of Appeals. *See* Ex. A. But this proceeding, like the one commenced in 2007, also was filed more than one year after petitioner's convictions became final; the one-year limitations period had already expired—so long as there was no basis for equitable tolling.

Further, this Court concluded that, even assuming that there *was* a basis for equitable tolling, the one-year limitations period had expired because petitioner filed this petition more than one year after any equitable tolling had ended on January 1, 2006. 774 F. Supp. 2d at 66. Petitioner tries to argue, however, that the other state post-conviction or other collateral proceedings at various points through 2009 tolled the running of the statute of limitations. *See* Pet'r's Mot. at 1-2; Ex. A. Although the running of the statute of limitations was tolled by these proceedings, this action is still untimely, even assuming petitioner is entitled to equitable tolling, because more than one year elapsed when such proceedings were *not* pending between January 1, 2006 and May 12, 2010. *See* §

2244(d)(2).[2] Because this case is still untimely even upon consideration of the new dates furnished by petitioner, petitioner's motion for reconsideration must be, and therefore, is denied.

### III.  Order.

Accordingly, it is hereby

**ORDERED** that the Petition for a Writ of Habeas Corpus by a Being in Custody, ECF No. 13, is construed as a motion for reconsideration and **DENIED**.

**SO ORDERED** this 20th day of November, 2011.

RICHARD J. LEON
United States District Judge

---

[2] On January 1, 2006, petitioner was engaged in appellate proceedings concerning his motion to recall the mandate of the D.C. Court of Appeals. *See* Ex. A. Those proceedings ended on May 5, 2006, when the Court of Appeals denied petitioner's motion for reconsideration of its order denying the motion to recall the mandate. *Id.* Three hundred twenty-two days then elapsed with no proceedings pending. *Id.* Then, on March 22, 2007, petitioner filed a state-court habeas corpus petition, the denial of which was affirmed on appeal on August 15, 2008. *Id.* That proceeding was no longer pending as of November 3, 2008, when petitioner (apparently) failed to timely petition for a writ of certiorari to the U.S. Supreme Court. *See* U.S.S. Ct. R. 13.1. Sixty-six days then elapsed with no proceedings pending. Then, on January 7, 2009, petitioner filed a state-court motion to vacate his conviction and for a new trial, the denial of which was affirmed on appeal on August 17, 2009. *See* Ex. A. Petitioner then sought a rehearing en banc, which was denied on December 21, 2009. That proceeding was no longer pending as of March 21, 2010, when petitioner (apparently) failed to timely petition for a writ of certiorari to the U.S. Supreme Court. *See* U.S.S. Ct. R. 13.3. Fifty-three days then elapsed with no proceedings pending. Then, on May 12, 2010, petitioner commenced this case. *See* Pet. Thus, over 400 days elapsed between the end of the possible equitable tolling period and this action, excluding time during which other collateral proceedings were pending.